UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EPHESIAN JOHNNY FRANKLIN,<br><br>  Plaintiff,<br>  v.<br><br>JEFFREY PRESTON BEZOS et al.,<br><br>  Defendants. | CASE NO. 2:25-cv-00176-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on United States Magistrate Judge S. Kate Vaughan's Report and Recommendation ("R&R") recommending that the Court deny pro se Plaintiff Ephesian Johnny Franklin's in forma pauperis ("IFP") application. Dkt. No. 8. For the reasons explained below, the Court adopts the R&R and denies Mr. Franklin's IFP application that was the subject of the R&R, Dkt. No. 4, as well as a subsequently submitted IFP application, Dkt. No. 9.

On January 14, 2025, Mr. Franklin filed an application to proceed IFP and attached a proposed complaint. Dkt. Nos. 1, 1-1. On January 28, 2025, the Clerk of Court sent Mr. Franklin

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

a Notice of Filing Deficiency concerning the fact that the incorrect IFP application form had been submitted and the Civil Cover Sheet required by Local Civil Rule 3(a) had been omitted. Dkt. No. 2 at 1.

On February 14, 2025, Mr. Franklin filed a second application to proceed IFP accompanied by a Civil Cover Sheet. Dkt. Nos. 3, 4. On February 19, 2025, Judge Vaughan issued a minute order instructing that the new IFP application was deficient because it indicated that Mr. Franklin "is unemployed and gives no date of last employment, but also indicates he receives $400.00 per week from a part-time job." Dkt. No. 5 at 1 (citing Dkt. No. 4 at 1). Judge Vaughan further noted that while Mr. Franklin "states he has no money in cash or a bank account," he simultaneously "has monthly expenses of $1,300.00." Dkt. No. 5 at 1 (citing Dkt. No. 4 at 2). As such, Judge Vaughan noted, "The Court cannot assess Plaintiff's IFP application as written." *Id.* Judge Vaughan ordered Mr. Franklin to submit a revised IFP application within twenty days of the date of the minute order, which was March 11, 2025. *Id.* at 2. Judge Vaughan noted that such a revised IFP application "must provide complete and detailed financial information, including details on [Mr. Franklin's] employment and income, how he covers his monthly expenses, and any further helpful information on why he cannot pay his filing fee." *Id.*

On February 27, 2025, Mr. Franklin submitted a Proposed Motion for Emergency Procedures and a Praecipe to Issue Summons, both of which constituted efforts to prosecute the merits of his proposed complaint. *See* Dkt. Nos. 6, 7. However, Mr. Franklin did not file a revised IFP application as instructed by Judge Vaughan's February 19 minute order. *See* Dkt. No. 5.

On March 18, 2025, Judge Vaughan issued the R&R now before the Court, recommending that the Court deny Mr. Franklin's IFP application and direct Mr. Franklin to pay the usual filing fee of $405.00 within 30 days of the adoption of the R&R. Dkt. No. 8 at 2. The R&R also noted that "[i]f no filing fee is paid within thirty days of the Court's Order, the Clerk should close the

file." *Id.* Judge Vaughan further ordered than any objections to the R&R "should be filed with the Clerk and served on all parties to this suit" within 14 days of the date of the R&R, and that "[i]f no timely objections are filed, the matter will be ready for consideration by the District Judge on April 8, 2025." *Id.* Copies of the R&R were sent to the parties, including Mr. Franklin. *See id.*

Two days later, on March 20, 2025, Mr. Franklin filed a third IFP application. Dkt. No. 9. On March 24, 2025, the Clerk of Court sent Mr. Franklin a Notice of Filing Deficiency concerning the fact that the incorrect IFP application form had again been submitted and instruction Mr. Franklin to submit the correct IFP application by April 23, 2025. Dkt. No. 10 at 1. This Notice was mailed to Mr. Franklin at his address listed on file. *Id.*; *see* Dkt. No. 1-1 at 1. No further action has been taken by Mr. Franklin since, and Mr. Franklin has not filed any objections to the R&R.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

No objections having been filed, the Court concurs with Judge Vaughan that Mr. Franklin's IFP application should be denied. Mr. Franklin has failed to comply with the terms laid out in the R&R. *See* Dkt. No. 8. Furthermore, the revised IFP application filed on March 20 is deficient, and Mr. Franklin has failed to comply with the Clerk's directive to resubmit using the correct IFP application. *See* Dkt. No. 10.

Accordingly, the Court ORDERS the following:

(1) The Court ADOPTS the R&R, Dkt. No. 8;

(2) Mr. Franklin's IFP application that was the subject of the R&R, Dkt. No. 4, is DENIED;

(3) Mr. Franklin's revised IFP application, Dkt. No. 9, is likewise DENIED; and

1    (4) Mr. Franklin is ORDERED to pay the usual filing fee of $405.00 within 30 days of the

2 date of this Order. If no filing fee is paid within that period, the case will be dismissed.

3    (5) The Clerk is further directed to send copies of this Order to Mr. Franklin and to Judge

4 Vaughan.

5    Dated this 28th day of April, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4